IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCOS ALFONSO GUERRERO
VALENZUELA,

        Petitioner,

    v.

ISRAEL JACQUEZ,

        Respondent.

Case No. 3:24-cv-00382-JE

FINDINGS AND RECOMMENDATION

Marcos Alfonso Guerrero Valenzuela
81720-065
FCI SHERIDAN CAMP
Inmate Mail/Parcels
P.O. BOX 6000
SHERIDAN, OR 97378

    Petitioner, *Pro Se*

Natalie Wight
United States Attorney
Patrick J. Conti, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary decision that resulted in his loss of 90 days visitation privileges. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be dismissed for lack of jurisdiction.

## BACKGROUND

Petitioner is currently incarcerated at FCI-Sheridan where he is serving a 97-month sentence for conspiracy to distribute a controlled substance (21 U.S.C. § 841(A)(a)) and conspiracy to launder monetary instruments (18 U.S.C. §§ 1596(A)(2)(A) & 1956(H)). On October 4, 2023, Alternative Discipline Hearing Officer Jamie Pedraza found two sets of pajamas in Petitioner's cell that were neither issued to prisoners by the BOP nor available for purchase through the FCI-Sheridan Commissary. Declaration of Jamie Pedraza, Exhibit B at 1. Officer Pedraza therefore wrote up an Incident Report charging Petitioner with violating "Prohibited Act Code 305 (possessing unauthorized item)." Pedraza Declaration at ¶ 2. When a correctional officer delivered the Incident Report to Petitioner later the same day, Petitioner stated, "I got those items from the community bag. When other inmates leave they put clothes and stuff in it for other inmates." Pedraza Declaration, Exhibit B at 3.

On October 12, 2023, Petitioner proceeded to a hearing in front of the Unit Discipline Committee ("UDC") where he stated that when he arrived at FCI-Sheridan, he "received a care package from other inmates that had hygiene items and underwear, including thermal pants and tops." *Id.* at 2. Based upon the totality of the evidence, including Petitioner's statements, the UDC found Petitioner guilty of the charged offense and sanctioned him to the loss of 90 days of visitation privileges.

Petitioner availed himself of his administrative review opportunities, and he fully served his 90-day sanction while he pursued them. In his BP-10 Regional Administrative Remedy Appeal, he took issue with what he viewed as a non-responsive process to that point:

> The denial I received [to the prior BP-9] merely states the "preponderance of evidence supports the finding of guilty". Rather than addressing the issues raised in the appeal, the response regurgitates the claims of the initial incident report. The warden fails to address the **promoted gang mentality of the CAR by the camp officials.** This again is a camp, not a high security institution. Nevertheless, this CAR system is what provides clothing to inmates. This is the clothing I was given and then punished for.
>
> I am asking the Regional Office to review the promotion of this system and how it resulted in me possess[ing] clothing that ultimately got me punished. **Once reviewed, I am asking that this incident report be stricken from my record.**

Petition (#1), p. 12 (bold in original).

When he did not receive a response to his BP-10, Petitioner filed a BP-11 appeal to the Central Office asking that the Incident Report be removed from his record because "it has no basis in Bureau of Prisons Policy Statement and commonsense." *Id.* at 13. When the Central Office did not afford him relief, he filed this 28 U.S.C. § 2241 habeas corpus case.

In his Petition for Writ of Habeas Corpus, Petitioner alleges that upon his incarceration at FCI-Sheridan, the "Hispanic CAR" provided him with a "welcome bag" that contained food and clothing.[1] Petition (#1), p. 8A. Petitioner asserts that Respondent has "established a very dangerous CAR system" that allows unsuspecting prisoners to receive unauthorized items, only to then punish

---

[1] As explained by the California Court of Appeal, prisoners "form race-based groups called CARs, classification according to race. The CAR system is an inmate-generated hierarchy along racial lines that has existed since the 1950's." *People v. Guillen*, 227 Cal.App.4th 934, 946 (2014). CARs are led by so-called "shot callers" whom correctional personnel have been known to utilize to help maintain control of prison populations. *See, e.g., id.* at 948-49.

3 - FINDINGS AND RECOMMENDATION

the prisoner for possession of contraband. Petitioner asks the Court to order Respondent to strike the disciplinary conviction from his record.

Respondent asks the Court to deny relief on the Petition because habeas corpus jurisdiction is absent. He further contends that even if habeas jurisdiction is present, Petitioner fails to show that his disciplinary hearing violated his right to due process of law. Although Petitioner's supporting memorandum was due August 9, 2024, he has not filed such a brief.

## DISCUSSION

Habeas corpus is the proper mechanism for a prisoner to utilize if a case challenges the legality of his physical confinement, and that challenge would affect the duration of the prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus jurisdiction is specifically limited to situations where a prisoner's successful challenge would automatically lead to his speedier release from custody. *Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023). If it is only a possibility that success on a claim could lead to a prisoner's earlier release from custody, then federal habeas corpus jurisdiction is not present. *Skinner v. Switzer*, 562 U.S. 521, 534 (2011).

Petitioner in this case asks that the Court order Respondent to strike the Incident Report from his record. If the Court were to order such relief, the duration of his confinement would be unaffected because the only sanction he received was the loss of visitation privileges. Accordingly, habeas corpus jurisdiction is absent.

Even if habeas corpus jurisdiction were present, in order to satisfy Petitioner's right to due process Respondent would only need to show that there was "some evidence" of Petitioner's guilt as to the charged offense. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In this case, Petitioner was charged with violating "Prohibited Act Code 305 (possessing unauthorized item)."

Pedraza Declaration at ¶ 2. Although Petitioner claimed to have received the contraband from other Adults in Custody upon his entry into FCI-Sheridan, he did not dispute either possessing the items or that the items were unauthorized.[2] *See id* at ¶ 8, Exhibit C (detailing that the items were unauthorized because they could not have been issued within the prison).

Petitioner also asserts that "Respondent and his staff foster and enable a CAR system that separates races and causes racial tension" and "promotes the entry of drugs and contraband" at the prison. Petition (#1), p. 8A. As discussed above, in his Regional Administrative Remedy Appeal Petitioner specified that the BOP relies upon the CAR system to provide clothing to inmates, yet it punishes them for receiving the items provided through that system. However, the issue presented in this case is necessarily limited to whether Petitioner possessed unauthorized items so as to violate Code 305. Petitioner never disputed that he was in possession of the items in question, or that the items constituted contraband. Because it is uncontroverted that Petitioner possessed contraband, the "some evidence" standard of *Hill* is satisfied. Accordingly, even if habeas corpus jurisdiction were present, Petitioner would not be entitled to relief.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) should be dismissed and a judgment should be entered dismissing this case with prejudice. The Court should also decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

---

[2] Petitioner also asserts that he was wrongfully charged with bringing contraband into the facility, but the Incident Report made no such charge. Declaration of Jamie Pedraza (#9), Exhibit B. Instead, the Report accused him of possessing items that were not sold in the Commissary or issued by the BOP and, thus, were unauthorized because they could only have been brought into the prison from the outside community. *Id*.

## **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

| 9/5/2024 | s/ John Jelderks |
|---|---|
| DATE | John Jelderks<br>United States Magistrate Judge |